The opinion of the Court, was delivered by
Byerson, J.
Wilson one of the defendants, was elected collector of the county of Warren, on the 9th May 1833. On the 14th May 1834, he stated and settled an account with the board, showing a balance of public money in his hands, to the amount *116 of one hundred and seventy-seven dollars, eighty-four cents; in which however a mistake was made, and afterwards allowed, leaving the real balance, one hundred and twenty-one dollars thirty-six cents. He did not produce the money, nor show where it was: nor does it appear that he was required to do it. The next day, Wilson was re-elected Collector, for the year following, and entered into bond pursuant to the statute, with Blair and Flummerfelt as his sureties, in the sum of twenty-thousand dollars, conditioned that Wilson should faithfully perform the duties of his office. The same day, the director by order of the Board, drew on Wilson for two sums of money, amounting in all to eighty-eight dollars twenty-six cents, which were also paid the same day, before any additional receipts,by him, for the county. On the 18th April then last past, the Collector had received from the State Treasury, one thousand and ninety-two dollars, sixty-nine cents, for Common Schools, which was not brought into, or noticed in the account settled on the 14th May, 1834. But the next day, the 15th, it was apportioned by the Board, among the several townships of the county, giving to Knowlton, one hundred and eighty-four dollars and eighty-four cents, and to Independence, one hundred and six dollars and sixty-eight cents, together amounting to two hundred and ninety one dollars and fifty-two cents, which has never been paid over. The other townships received their respective shares. On the 13th May 1835, Wilson again accounted with the board, respecting all the money in his hands, except the school money above mentioned, and was found largely in arrear. Wilson has since absconded, and Blair and Flummerfelt have satisfied the plaintiffs for all the money in his hands, except four hundred and twelve dollars and eighty-eight cents, made up of the balance found in his hands, on the first settlement, and the school money remaining in his hands as above stated.
To recover the balance aforesaid, this action was brought on Wilson’s official bond. And it is agreed between the attornies of the parties, that if the said sum of four hundred and twelve dollars and eighty-eight cents with interest, or any less sum, ought to be charged to said sureties, judgment is to be rendered for the plaintiffs with costs; otherwise, for the defendants. And if the Court should be of opinion that the said sum of one hun *117 dred and twenty one dollars and thirty-six cents ought not to be charged to said sureties; then a further question is submitted, whether the said sureties ought to be allowed a credit for the two drafts on the Collector, drawn and paid on the 15th May 1834, amounting to eighty-eight dollars and twenty-six cents.
The practical question involved in this controversy, is, which of two sets of sureties are liable for the above specified sums of money, in which, Wilson their principal was a defaulter ?
I take this proposition to be self-evident; — that where a public officer has received public money, those who were bound for him at the time it came to his hands, are responsible, until he duly disburse or pay over the same. Let this principal be applied to the school money in question, received by Wilson, and held in trust for Knowlton and Independence, but never paid over. It could lawfully be applied to no other object. It is not material, therefore, what disposition has been made of it, so long as it has not been paid according to law. Wilson’s liability as well as that of his sureties, has undergone no change, since the first moment the money came into his hands. But these sureties were not such at the time the money was received. Nor does it appear that Wilson had it, after they became bound for him. They are therefore not responsible. If it appeared to have been in the county Treasury, in reality, and not in contemplation of law merely, after they became bound, possibly a doubt would arise, because he then” perhaps, might be in the plight of a second Collector, who had duly received money from his predecessor. If however, it unequivocally appeared that he subsequently disbursed similar amounts for county purposes, it would not avail the plaintiffs against these defendants, as it would have been an unlawful application of this money.
The remaining sum of one hundred and twenty-one dollars and thirty-six cents which he had in hand, or was indebted to the county for, was money belonging to the county, and was lawfully applied to county purposes. The greater part thereof, eighty-eight dollars and twenty-six cents, was manifestly and properly so applied the very next day after the account stated. It was at least, therefore a fair set off against the claim which the county then had against him. I think the whole rule will apply to the whole sum. In the absence of all proof to the contrary, we must *118 presume, that the-first disbursements made by the Collector, were made either out of, or on account of this money, which was the first he had, or ought to have had in his hands for the current expenses of the county. It does not appear therefore, that there was any default on account of this money. And as there clearly was a default at the close of the year 1834-5, in this amount, over and above the sum already made good to the county, these sureties are liable. They have the less reason to complain, as they know, or might and ought to have known, that he was at that time accountable therefor, at the very moment they became sureties, and would be expected to disburse it for public purposes, within the period for which they became bound that he should duly discharge the trust reposed in him.'
Judgment must therefore be entered for the plaintiffs, for the sum of one hundred and twenty-one dollars and thirty six cents, and the interest thereon and costs, according to the stipulations of the case.
Hornblower, C. J. and Ford, J. concurred.

Judgment for plaintiff's for one hundred and twenty-one dollars and thirty-six cents, with interest, being part of the amount claimed.